|   |   |
|---|---|
|   | **UNITED STATES DISTRICT COURT** |
|   | **EASTERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| MOLLIE CHRISTINE PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | )  Case No.: 1:15-cv-00236- JLT<br>)<br>)  ORDER DIRECTING CLERK TO ISSUE<br>)  SUMMONS AND SOCIAL SECURITY CASE<br>)  DOCUMENTS<br>)<br>)  ORDER DIRECTING UNITED STATES<br>)  MARSHAL FOR SERVICE OF THE FIRST<br>)  AMENDED COMPLAINT (Doc. 6)<br>)<br>) |

Plaintiff Mollie Christine Perez is proceeding *in forma pauperis* with an action for judicial review of a decision of the Social Security Administration to deny her application for benefits. On April 2, 2014, Plaintiff filed a First Amended Complaint (Doc. 6). For the following reasons, the Court finds service of the First Amended Complaint is appropriate.

**I.	Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give a defendant fair notice of the claims against him, and the grounds upon which the action stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks, citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

## III. Discussion and Analysis

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 6.) The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Except as provided, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations

"operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Cogburn v. Astrue*, 2013 U.S. Dist. LEXIS 152351, at * 5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler,* 811 F.2d 1274, 1277 (9th Cir.1987)).  The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed.  *Id.*

According to Plaintiff, the Appeals Council denied her request for review of the decision rendered by an administrative law judge on December 12, 2015.  (Doc. 6 at 2.)  Therefore, Plaintiff's request for judicial review of the decision is timely, and the Court has jurisdiction over the complaint pursuant to 42 U.S.C. § 405(g).

### IV.     Conclusion and Order

Plaintiff's First Amended Complaint states a cognizable claim for judicial review of the decision denying the request for Social Security benefits.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Clerk of Court is DIRECTED to issue summons as to the defendant, Carolyn Colvin, Acting Commissioner of Social Security;

2. The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms;

3. Plaintiff **SHALL** complete and submit to the Court the "Notice of Submission of Documents in Social Security Appeal Form;" and

4. The U.S. Marshal is DIRECTED to serve a copy of the First Amended Complaint (Doc. 6), summons, and this order upon the defendant as directed by Plaintiff in the USM Forms.

IT IS SO ORDERED.

Dated:   **March 5, 2015**                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE